IN FEDERAL DISTRICT COURT, SOUTHERN INDIANA COURT
Sept. 22nd, 2023
Indiana Versus Coomer
10C03-2302-F6-000130
①

4:23-cv-168-TWP-KMB

FILED
09/28/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Petition For WRIT OF HABEAS CORPUS pursuant to Criminal Rule 4(b)
REQUEST FOR DISMISSAL

Comes Daniel A. Coomer, without counsel, pro se, and states the following:

1) I Reassert my Right to self-representation and declare this Court has entered "no logical grounds" into the record that I lack the capacity to do so.

2) An early trial was requested in writing, by motion, on July 10th, 2023. According to the U.S. 6th Amendment Right, and the Indiana Constitution Speedy Trial Provisions; the Court had to bring me to trial no later than 9-20-2023.

3) The Court failed to try me in a timely manner; therefore, I believe I should be immediately released by the authority of habeas corpus and that this case should be dismissed for "Failure to prosecute".

A FOUR-PART test is to be used to determine if a defendant's constitutional right to Speedy Trial has been violated. The test considers: (1) The Length of Delay, (2) The

Reason for the Delay, (3) The Defendant's Assertion of his Right, and (4) PREJUDICE to the Defendant.

The right to a speedy trial is not subject to bright-line determinations and must be considered based on the TOTALITY OF THE CIRCUMSTANCES that exist in a specific case. Essentially, the test WEIGHS the CONDUCT OF THE PROSECUTION and THE DEFENSE and Balances the right to bring the defendant to justice against the defendant's right to have that done speedily. The only remedy for a violation of the right to a speedy trial is dismissal of the charges.

Test #3 - Was A Fast and Speedy "Early Trial" requested and asserted? YES! I requested an Early Trial by motion on 7-10-2023. The motion was "acknowledged" on 8-23-2023 and reasserted on that date with a VERBAL REQUEST for Fast and Speedy "bench trial". I reasserted the right a third time in writing on August 25th, 2023, but it was filed as "Communications to the Court". ✓

Test #2 - The Reason For The Delay - On August 1st, 2023, I was scheduled for a status hearing/ pretrial conference. During the status hearing my "pro se" status was reaffirmed, with Judge Branstetter. I had a pretrial conference with Kala Means. The session lasted about 90 seconds, and because of the time 3:55 PM, she claimed, she had "obligations" and needed to "go". She had me sign an agreement

to return the next day (August 2nd) to finish the pretrial conference. Instead in the late hours of the day, she (MEANS) engaged in unlawful EXPARTE communications with Judge Lisa Glickfield, ripping my fast and speedy trial off the table, by convincing the judge to "stay" all of my future courtdates to test for "Competency To Understand Court Proceedings", since I wasn't in an "assistance" role. This was not AN "EMERGENCY ISSUE", rather it was a "SUBSTANTIVE MATTER" and the communications and resulting order was clearly a violation of Indiana JCConduct Rule 2.9 on EX PARTE communications.

I also believe the judge violated rule JCC 2.2, The exhortation for fairness and impartiality that "a judge may make reasonable efforts, consistent with law and court rules, that all litigants. INCLUDING SELF-REPRESENTED LITIGANTS, to be fairly heard. I do NOT believe this was a "GOOD FAITH" error, and the judge KNEW the affect her ORDER would have on my case.

Clearly I should have been priviledged to hear the state's arguments to stay proceedings and should have had an opportunity to be heard in objection to the state's motions, as these EX PARTE (WINK, WINK, NUDGE, NUDGE) communications rail-roaded my right for an Early trial. ✓

Test #1 - The length of delay. - In the State of Indiana, the recommended sentence for



level 6 felony is 1 year/serve 6 months for the guilty. Since I was extradited from Louisville and have been arrested since June 13th, 2023, by the authority of this Probable Cause Affidavit, I have already served more than half of the recommended sentence if found guilty, due to inability to pay bond. As of 9-21-23, I don't even have a Court date set, much less a "trial date".

I believe a day over 70 days is too long on level 6 cases, but at the rate THEY are going I will have been punished the recommended sentence before ever having received a trial, so I believe the length has been too long.

Test #4 Prejudice to the defendant - The prejudice is clear. Since, I am a poor defendant unable to pay bond, the state is getting to thoroughly punish me without having to convict me. My right to self represent has been removed even though I am competent and have capacity to do so.

Conclusion

According to my experience, these competency "evaluations" are being use incorrectly against pro se defendant seeking early trial, as a CONVENIENT TOOL AND TRICK to strip pro se individuals of their right to an early trial. Fact- Everytime I have been Pro Se and requested an early trial (Judge And state) have

made me jump through this "competency hoop" and stole my 6th Amendment right! I call it the "Let's call him stupid, jab him with needles and see how he responds, so we can avoid our responsibility to try him timely and can continue to sit and not have to deal with trial. By the time proceedings are complete we can barter a time served plea or sit in jail over the recommended sentence awaiting trial poor bastard plea bargain".

    At some point a court needs to step in and put Indiana in thier place, because this "competency eval" statute is being used improperly against pro se early trial seekers and lacks safeguards to protect the rights of pro se defendants from being railroaded.

Please Help Fix This Atrocity,

Daniel A. Coomer
501 E. Court Ave.
Jeffersonville, IN
47130